## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SANKET I. SARGARA               :

                                 :         **CIVIL ACTION**

**v.**                        :         **No. 26-2805**

                                 :

JAMAL L. JAMISON, *et al.*     :

## ORDER

This 1st day of May, 2026, upon consideration of Petitioner Sanket I. Sargara's Petition

for Writ of Habeas Corpus, ECF 1, and the Government's Response, ECF 4, it is hereby

**ORDERED** that the Petition is **GRANTED**.[1]

     **IT IS FURTHER ORDERED** that:

     1.     The Court finds that Mr. Sargara is not subject to mandatory detention under 8

U.S.C. § 1225(b).[2]

---

[1] The central legal issues presented by this Petition have been capably and thoroughly analyzed by numerous members of this Court, and no purpose is served by the delay in preparing an opinion addressing the same issues. I therefore adopt and rely upon the reasoning of those decisions, including, without limitation, *Villarreal Torres v. Jamison*, No. 26-2000, 2026 WL 937929, at *1-3 (E.D. Pa. Apr. 7, 2026) (Wolson, J.); *Seminario-Marcos v. Jamison*, No. 26-421 (E.D. Pa. Feb. 6, 2026) (Kearney, J.); *Talabadze v. Rose*, No. 26-360 (E.D. Pa. Jan. 30, 2026) (Perez, J.).

[2] After entering the United States without inspection in September 2024, immigration officers detained Petitioner and initially placed him in expedited removal proceedings. ECF 4-1 at 2. Soon thereafter, he was granted a credible fear interview, released on parole in January 2025, and placed in standard removal proceedings under 8 U.S.C. § 1229a. Pet., ¶¶ 15-19, ECF 1. The Government claims that this sequence of events means Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) pending the resolution of his removal proceedings. ECF 4 at 10-11. I am unpersuaded. Rather, as many courts in this district have concluded, because Petitioner was granted parole under 8 U.S.C. § 1182(d)(5), he is no longer subject to mandatory detention under 8 U.S.C. § 1225(b).

     In terminating parole under 8 U.S.C. § 1182(d)(5), the Government must first provide written notice of its determination that the purpose of parole was accomplished, or its determination that "neither humanitarian reasons nor public benefit warrants the continued presence of an alien in the United States." 8 C.F.R. § 212.5(e)(2)(i). Along with written notice, the Government must also provide the alien with a meaningful opportunity to respond to its decision to terminate parole. There is no indication in the record that this took place. Therefore, the Court finds that Petitioner's mandatory detention without the opportunity for a bond hearing is unlawful.

2.      The Government shall release Mr. Sargara from custody immediately, return his possessions and documents,  and certify compliance with this order by filing proof of his release on the docket no later than **12:00 p.m. ET** on **Monday, May 4, 2026**.

3.      The Government is temporarily enjoined from re-detaining Mr. Sargara for seven days following his release from custody.

4.      If the Government pursues re-detention of Mr. Sargara, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of Mr. Sargara's removal proceedings.

5.      If the Government pursues re-detention of Mr. Sargara, it shall not remove, transfer, or otherwise facilitate the removal of Mr. Sargara from the Eastern District of Pennsylvania prior to the bond hearing that would then be required by this Order.  If the neutral immigration judge determines Mr. Sargara is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission to move Mr. Sargara if unforeseen or emergency circumstances arise that require his removal from this District.  That request must set forth the grounds for the request and a proposed destination.

6.      Upon the Government's filing of the certification required by Paragraph 2, the Clerk of Court shall mark this case as **CLOSED**.

          /s/ Gerald Austin McHugh
          United States District Judge